## FAULKS and others *v.* KAMP and another.*

*(Circuit Court, S. D. New York.　February 13, 1882.)*

1. LETTERS PATENT—BALING SHORT-CUT HAY—BASIS OF PROFITS.

    Where the only claim of the patent infringed was for " pressing and binding short-cut hay into bales," short-cut hay being known before, the only profits to be allowed for such infringement are the extra profit due to selling such hay when baled, over selling it when loose or prepared for market in other known ways.

2. SAME—SAME—BURDEN OF PROOF.

    It is the duty of the plaintiffs to give evidence separating such profits; otherwise only nominal profits can be allowed.

In Equity.　On exceptions to master's report.

*C. N. Judson,* for plaintiffs.

*J. C. Clayton,* for defendants.

BLATCHFORD, C. J.　The first claim of the patent, the only one infringed, is for pressing and binding short-cut hay into bales.　Short-cut hay was known before.　Pressing and binding it into bales made no change in its properties or quantity, but enabled it to be more conveniently handled for sale as merchandise, and for transportation. The profits to which the plaintiffs are entitled do not include any profits of converting long hay into short-cut hay.　They include only the profits of pressing and binding into bales short-cut hay; hay after it is cut short.　They do not include, either, any profits on the hay as hay, except such profits as resulted from the fact that, as short-cut hay, it was pressed and bound in bales, such last-named profits being the extra profits due to selling the short-cut hay pressed and bound in bales, over selling it as loose, short-cut hay, or as short-cut hay manipulated for market in some prior known way.　The master appears to have reported profits on cutting the hay, and also other profits on the hay as hay than those above specified as allowable.　The third exception must, therefore, be allowed.　It was the duty of the plaintiffs to give evidence separating the profits above defined.　In the absence of such proof only nominal profits can be allowed.　It is also manifest that the master, in fixing four dollars a ton as profit in respect of the matter covered by the second exception, included profits on cutting hay, and the other improper profits above mentioned.　The second exception is allowed.　For the same reasons the fourth exception is allowed, and also the first.　The report is set aside, and the

*Reported by S. Nelson White, Esq., of the New York bar.

case is referred back to the master, with liberty to the plaintiffs to apply to him for leave, to be granted or refused in his discretion, to give further proofs as to profits, and for a further report from him, based on the principles above laid down.